**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1259

_____

|  |  |  |
|---|---|---|
| Isadore Fendelman; Bernice Fendelman, | * | |
| | * | |
| | * | Appeal from the United States |
| Plaintiffs - | * | District Court for the |
| Appellees, | * | Eastern District of Missouri |
| | * | |
| v. | * | |
| | * | |
| Jerry Stein; | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant, | * | |
| | * | |
| Newhard Cook & Company; Advest, | * | |
| Inc., | * | |
| | * | |
| Defendants. | | |

_____

Submitted: September 9, 1997

Filed: January 6, 1998

_____

Before McMILLIAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jerry Stein appeals the district court's[1] order confirming an arbitration award and entering judgment in favor of Isadore and Bernice Fendelman. Stein argues the district court lacked subject matter jurisdiction to enter this order. We affirm.

On January 25, 1990, the Fendelmans brought suit in federal district court against their broker, Jerry Stein, and other defendants not involved in this appeal. Their complaint alleged federal securities law violations, federal Racketeer Influenced and Corrupt Organizations Act (RICO) violations, and various state law claims. In April 1994, the district court granted Stein's request to stay the proceedings in the district court pending arbitration by the National Association of Securities Dealers, Inc. (NASD). In the NASD arbitration, the Fendelmans made the same factual allegations and legal claims against Stein as they had made in their complaint filed in district court. The arbitrators ruled in favor of the Fendelmans based on their state law claims, awarding $338,000 in actual damages, $165,000 in punitive damages, $24,000 for attorneys' fees, and $250 for the arbitration filing fee. The arbitrators denied all the Fendelmans' federal law claims.

In September 1995, the Fendelmans moved the district court to confirm the NASD arbitration award and enter judgment against Stein. Stein responded by filing a motion to dismiss, arguing the district court lacked subject matter jurisdiction because the arbitrators had denied the Fendelmans relief on their federal law claims, and

---

[1]The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

therefore, the court no longer had federal question or pendent jurisdiction[2] over the remaining state law claims. The district court denied Stein's motion to dismiss, confirmed the arbitration award, and entered judgment in favor of the Fendelmans.

Stein argues that the NASD arbitrators' denial of the Fendelmans' federal law claims divested the district court of subject matter jurisdiction. All parties agree that the district court had subject matter jurisdiction over the Fendelmans' complaint. The court had jurisdiction over the federal law claims pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and pendent jurisdiction over the state law claims because they arose from the same "common nucleus of operative fact" as the federal claims. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Under the common law doctrine of pendent jurisdiction, a federal court can decide a plaintiff's state law claims arising from the same set of facts as the plaintiff's federal claim even if the court rules against the plaintiff on the federal claims. Siler v. Louisville & Nashville R.R., 213 U.S. 175, 191 (1909). The NASD arbitrators ruled in favor of the Fendelmans on their state law claims, but against them on their federal law claims. This was analogous to a jury award finding for the plaintiffs on their state law claims and against them on their federal law claims, which certainly would not divest the federal court of jurisdiction to enter judgment on the award. Under the holding in Siler, it is clear that the arbitration award did not divest the federal court of its subject matter jurisdiction.

---

[2]Subsequent to the filing of the Fendelmans' complaint in this case, Congress codified the common law doctrine of pendent jurisdiction in 28 U.S.C. § 1367 (1994), as "supplemental jurisdiction." Because this case was filed prior to its enactment, we refer to the common law terminology of "pendent" jurisdiction.

Therefore, we hold the district court had subject matter jurisdiction to confirm the arbitration award and enter judgment in favor of the Fendelmans.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-